CORLEY & DASSETT, plaintiffs in error, *vs.* THE GEORGIA RAILROAD AND BANKING COMPANY, defendant in error.

In an action against a railroad company on a contract instituted in a county other than the one where its chief office of business is located, the pleadings should show that the contract was either made or was to be performed in the county where such suit was brought.

Railroads. Venue. Pleadings. Before Judge HALL. Newton Superior Court. March Term, 1873.

Corley & Dassett brought complaint in Newton Superior Court against the Georgia Railroad and Banking Company on an account for freight overcharges, with interest thereon. The

The Southwestern Railroad Company *vs.* Cohen.

declaration was in the ordinary statutory form of complaint on an account, referring to a bill of particulars thereto attached. It contained no allegations as to where the freight contracts were made or to be performed.

On demurrer, the declaration was dismissed, as failing to show jurisdiction in the Court. To this ruling the plaintiffs excepted.

FLOYD & MIDDLEBROOKS, for plaintiffs in error.

CLARK & PACE; PEEPLES & HOWELL, for defendant.

TRIPPE, Judge.

Neither the declaration, nor the bill of particulars attached, shows *where* the *contract* relied on *was made*, or where it *was to be performed.* In the bill of particulars, the items are stated as freight shipped "from Atlanta" or "from Augusta," but it nowhere appears to what point it was to be shipped, so that even the place of performance could be implied. A plea to the jurisdiction was filed and a motion made to dismiss the case for want of jurisdiction. No amendment was made or offered to be made, and the Court sustained the motion to dismiss.

To sustain an action against a railroad company on a contract in a county other than the county where the company's chief office of business is, it should appear that the contract was made or was to be performed in the county where the suit is brought: New Code, sec. 3406.

Judgment affirmed.